UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 04-50064-01<br>[CIVIL NO. 05-0901] |
| VERSUS | JUDGE HICKS |
| AMADOU TIDJANE DIENG | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before this Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. §2255. [Criminal Document No. 26]. Petitioner's motion contends that he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. To establish his claim of ineffective assistance, Petitioner must show that his counsel's performance was seriously deficient and that this deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Only this dual showing would entitle Petitioner to relief under § 2255.

Here, Petitioner contends he was denied effective assistance of counsel because defense counsel failed to adequately investigate the consequences that Petitioner's guilty plea would have on his immigration status. Petitioner claims that he now faces deportation based in part on that guilty plea. However, the Fifth Circuit has held that the failure to investigate such collateral consequences does not amount to ineffective assistance of counsel. Indeed, in United States v. Banda, 1 F.3d 354 (5th Cir. 1993), the Fifth Circuit stated:

> The courts that have addressed the question of counsel's failure to warn of possible deportation have uniformly held that deportation is a collateral consequence of the criminal process and hence the failure to advise does not amount to ineffective assistance of counsel. *See, for example*, Varela v. Kaiser, 976 F.2d 1357, 1358 (10th Cir.1992)(citing cases from the 2nd, 4th, 7th, and 11th circuits), and United States v. Del Rosario, 902 F.2d 55, 58-59 (D.C. Cir.1990). We are not aware of any court that has held to the contrary. Indeed, this conclusion squares with the Supreme Court's observation that the accused must be "fully aware of the direct consequences" of a guilty plea. Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) (emphasis added). We find this position persuasive and adopt it as our own.

Id. at 356.

For the foregoing reasons:

**IT IS ORDERED** that Petitioner's motion is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 15th day of June, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE